UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DIANNA SHAW WINSLOW** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-236** |
| **AMERICAN AIRLINES, INC., ET AL** | **SECTION: "S" (4)** |

## ORDER AND REASONS

The motion for summary judgment (Doc. # 34) by third-party defendant PrimeFlight Aviation Services, Inc. is **DENIED.**

### BACKGROUND

Plaintiff, Dianna Shaw Winslow, filed suit in state court against defendant, American Airlines, Inc. ("AA") for injuries sustained as a result of a fall at an American Airlines gate at LaGuardia Airport in New York, New York. Plaintiff alleges that she fell after a wheelchair was removed negligently from under her during the boarding process. AA removed the matter, answered, and filed a third-party complaint against PrimeFlight for defense and indemnity under the Services Agreement between AA and PrimeFlight. Plaintiff amended her complaint, adding PrimeFlight as a defendant.

Under the contract, PrimeFlight was to provide wheelchair services, among other things. Additionally, the contract contained an indemnification clause, requiring PrimeFlight to indemnify

AA.[1]

PrimeFlight moves for summary judgment, urging that because Winslow's case has not yet been adjudicated, any claim for defense and/or indemnification is premature and should be dismissed. PrimeFlight also seeks attorney's fees and costs for bringing the motion.

## ANALYSIS

### 1. Legal Standard

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law."[2] If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial.[3]

### 2. Motion for Summary Judgment

Federal Rule of Civil Procedure 14(a)(1) provides in pertinent part:

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of

---

[1]The indemnification clause in the contract provides:

> [PrimeFlight] will defend, indemnify, and hold [AA] harmless from and against any and all liabilities, damages, demands, actions, suits and judgment, including all fees, costs, and expenses incidental thereto, that may be charged to, asserted against or incurred by [AA] by reason of any loss, damage or injury of any kind or nature whatsoever in any manner or to any extent resulting from or arising out of the articles or services covered by this order except to the extent resulting solely and directly from our gross negligence or willful misconduct.

[2]*Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. Proc. 56(c).

[3]*Celeotex Corp. v. Catrett*, 106 S.Ct. 2548, 2552 (1986).

2

the claim against it.

"The words 'may be liable' mean that defendant is permitted to join someone against whom a cause of action has not yet accrued, provided that the claim is contingent upon the success of plaintiff's action and will accrue when defendant's liability is determined in the main action or plaintiff's claim is satisfied."[4] Under Fed. R. Civ. Proc. 14, "[t]he court is free to shape the relief on [a] ... contingent claim to reflect the limitations of substantive state law."[5]

The Supreme Court of Louisiana has noted that "[a]n indemnitor is liable under an indemnity agreement until the indemnitee 'actually makes payment or sustains loss.'"[6] A "claim for defense under [an] indemnity agreement is premature under settled law, [if the] parties have not yet sustained any compensable loss."[7] However, Louisiana courts have noted that in those situations where a claim for defense and indemnity is made before a judicial determination of fault, there is no prohibition from asserting the claim for defense costs in a third party demand and deferring resolution of the claim until the lawsuit concludes and liability determined.[8]

---

[4]Wright, Miller and Kane, Federal Practice & Procedure r§1451, at 405-06 (2d ed 1990).

[5]Wright, Miller and Kane, Federal Practice & Procedure r§1451, at 410 (2d ed 1990).

[6]*Suire v. Lafayette City-Parish Consolidated Gov't*, 907 So.2d 37, 51 (La. 2005)(*quoting Meloy v. Conoco, Inc.*, 504 So.2d 833, 839 (La. 1987)).

[7]*Suire*, 907 So.2d at 51 (holding claim of city and engineering firm against contractor for defense and indemnity under terms of contract premature since no determination of liability has been made).

[8]*Suirre*, 907 So.2d at 51 and 35 (holding that premature indemnity claim be deferred until conclusion of lawsuit). *See also Burns v. McDermott, Inc*., 665 So.2d 76, 79 (La. App. 1st App. 1995)(under *Meloy*, although indemnity claim cannot be resolved until fault is determined, no prohibition exists from asserting the claim prior to fault determination).

Louisiana Code of Civil Procedure article 1111 is similar to Fed. R. Civ. P. 14 and provides in pertinent part:

While AA's indemnity claim against PrimeFlight may be premature under state law, AA is not precluded from asserting the claim under Fed. R. Civ. P. 14(a)(1). For reasons of judicial efficiency, economy and convenience of parties, the court will defer resolution of the indemnity claim until after liability is determined.[9] Defendant is not entitled to dismissal as a matter of law.

The motion for summary judgment and for attorney's fees and costs is **DENIED**.

New Orleans, Louisiana, this   29th   day of September, 2008.

```
                    _____
                         MARY ANN VIAL LEMMON
                       UNITED STATES DISTRICT JUDGE
```

---

> The defendant in a principal action by petition my bring in any person, including a codefendant, who is his warrantor, or who is or **may be liable** to him for all or part of the principal demand.

La. Code Civ. P. art. 1111 (emphasis added).

[9]*See East Miss. Elec. Ass'n v. Porcelain Products, Co.*, 757 F.Supp. 748, 756 (S.D. Miss. 1990)(recognizing that indemnity claims, though technically premature, are permitted for reasons of judicial efficiency, economy and convenience of parties). *See also, Avondale Shipyards v. Vessel Thomas E. Cuffe*, 434 F. Supp. 920, 933 (E.D. La. 1977).