UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


DIANNA SHAW WINSLOW                         CIVIL ACTION

VERSUS                                       NO: 07-236

AMERICAN AIRLINES, INC., ET AL              SECTION: "S" (4)


### ORDER AND REASONS

The Motion for Summary Judgment (Doc. # 60) by defendant, American Airlines, Inc., (AA) is **DENIED.**

### BACKGROUND

Plaintiff, Dianna Shaw Winslow, alleges that she sustained injuries on December 5, 2005, when she fell as a wheelchair was pulled out from under her by the person pushing the chair. AA moved for summary judgment, asserting that plaintiff cannot identify the individual who allegedly pulled the wheelchair from under her, and that it had contracted with Prime Services Aviation Services, Inc. to provide wheelchairs for AA customers. Plaintiff argues that identifying the wheelchair attendant is not necessary for her to prevail in her claims against AA.

According to plaintiff's sworn testimony, plaintiff, her husband and two other traveling companions arrived at the La Guardia Airport in New York, checked their baggage curbside, and walked inside the terminal to the AA ticket counter. Her husband asked the AA representative at

the ticket counter for wheelchairs for the group. Soon thereafter, wheelchair attendants delivered the chairs. An attendant wheeled plaintiff to the gate, where plaintiff gave her boarding pass to the AA ticket taker. The attendant wheeled plaintiff down the jetway. About four to five feet from the door to the plane, the wheelchair attendant told plaintiff that she needed to get out of the chair because the chair was needed elsewhere. Plaintiff stated that before she could brace herself fully and get her balance, the attendant pulled the chair from under her, causing her to fall forward to the ground, causing sever back injuries. An AA employee advised her to board the plane, which was about to take off, and to file an incident report upon arrival at her destination.

## ANALYSIS

### 1. Legal Standard

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law."[1]

### 2. Motion for Summary Judgment

AA seeks dismissal of all claims on the basis that plaintiff has no evidence that the wheelchair attendant was an AA employee, and hence is not able to prove that AA is liable on a *respondeat superior* basis. Further, AA states that it has no record of this incident occurring.

Under *respondeat superior*, "an employer is liable for a tort committed by his employee, if, at the time, the employee was acting within the course and scope of his employment." *Baumeister v. Plunkett*, 673 So.2d 994, (La. 1996); *see also* La. Civ. Code art. 2320. "Whether a

---

[1] *Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. Proc. 56(c).

party is liable for the act of a tortfeasor on the basis that the tortfeasor was the party's employee in the course and scope of employment depends upon the proof and assessment of several factors, including payment of wages by the employer, the employer's power of control, the employee's duty to perform the particular act, the time, place and purpose of the act in relation to service of the employer, the relationship between the employee's act and the employer's business, the benefits received by the employer received by the employer from the act, the motivation of the employee for performing the act, and the reasonable expectation of the employer that the employee would perform the act." *Reed v. House of Decor*, 468 So.2d 1159, 1161 (La. 1985).

Plaintiff argues that she had contracted with AA to provide transportation and that AA was put on notice that she required a wheelchair to travel. Plaintiff further contends that whether the wheelchair attendant was an employee of AA or an independent contractor is immaterial to plaintiff's claims against AA. AA argues essentially that plaintiff's injury, if any, was not caused by an AA employee, but by an independent contractor for whom the principal, as a matter of law, cannot be held vicariously liable.

While the general rule is that a principal is not vicariously liable for the torts of an independent contractor, so many exceptions have developed to this general rule so as "to cast doubt upon the validity of the rule." Prosser and Keeton on the Law of Torts, § 71 (5th ed 1984) ("These exceptions making the employer liable overlap and shade into one another; and cases are infrequent in which at least two of them do not appear."); Restatement 2nd of Torts, § 409, comment b (1982) (the exceptions "are so numerous, and they have so far eroded the 'general

rule,' that it can now be said to be 'general' only in the sense that it is applied where no good reason is found for departing from it."); Frank L. Maraist and Thomas C. Gallagan, Jr. Louisiana Tort Law, §13.02[2],[3] (2d ed 2008).

The doctrine of apparent authority/estoppel has been used to impose liability on one business for the torts of another. *See, e.g.*, *Independent Fire Ins. Co. v. Able Moving and Storage Co.*, 650 So. 2d 750 (La. 1995) (National mover whose advertisement gave the impression that a customer dealing with a local mover was actually dealing with the national company was vicariously liable for fire damage to customer's premises caused by a local mover.) Other exceptions include liability of a principal who retains operational control over the contractor's acts (Maraist and Galligan, supra) and liability based on the existence of a non-delegable duty, such as the duty of a carrier to transport its passengers in safety. (Prosser and Keeton, supra).

In the present case, the question whether the tortfeasor was an employee of AA or an independent contractor, or the identity of the tortfeasor, is not determinative of the issue of AA's liability under a respondent superior theory.

Further, plaintiff's allegations against AA do not rest solely upon *respondeat superior.* Plaintiff allegations include claims that AA was independently negligent for failing to provide wheelchair assistance to board the airplane as requested; failing to provide hand rails in the jetway; and failing to assist wheelchair passengers onto the plane, all theories which are independent of the theory of respondent superior.

4

In this case, the mover has not established its entitlement to judgment as a matter of law.

The Motion for Summary Judgment (Doc. # 60) by defendant, American Airlines, Inc., is **DENIED.**

New Orleans, Louisiana, this  29th  day of July, 2009.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**